# REPORTS OF CASES

ADJUDGED IN

# THE COURT OF APPEALS

OF THE

# DISTRICT OF COLUMBIA.

## PROBEY *v.* DISTRICT OF COLUMBIA.

POLICE REGULATIONS; HIGHWAYS; VEHICLES, OBSTRUCTION OF STREETS BY.

In a prosecution in the police court for unnecessarily obstructing the free passageway of a street, in violation of sec. 14, art. 10, of the Police Regulations of this District, proof that the defendant left a carriage, without a horse attached, standing in the street in front of his carriage repository for three hours, and that his brother, when told by a policeman to have it removed, refused to do so, will not support a conviction. (Following *Gassenheimer* v. *District of Columbia, ante,* p. 179.)

No. 1537.  Submitted May 4, 1905.  Decided May 23, 1905.

In ERROR to the Police Court of the District of Columbia.
*Judgment reversed.*

The facts are sufficiently stated in the opinion.

*Mr. Charles F. Diggs* for the plaintiff in error.

·*Mr. Andrew B. Duvall,* Corporation Counsel, and *Mr. Francis H. Stephens,* Assistant, for the defendant in error.

VOL. XXVI.—1.

Mr. Justice DUELL delivered the opinion of the Court:

The plaintiff in error, Thomas O. Probey, was found guilty by the police court of the District of Columbia upon an information charging him with unnecessarily obstructing the free passageway of one of the streets of the District of Columbia. The regulation under which the information was filed is known as section 14 of article 10 of the Police Regulations. It reads: "No vehicle shall unnecessarily obstruct the free passageway of any street or avenue, nor hinder or delay the passage of any other vehicle."

Exceptions were taken to the rulings of the court on matters of law, and notice duly given by the defendant in open court that a writ of error would be applied for, which, having been granted, brings the judgment before us for review.

The information specifically charged that the plaintiff in error, being the owner of a carriage, did on the 18th day of March, 1905, unnecessarily obstruct the free passageway of a street in the District, known as 32d street, Northwest. The proofs consisted of the evidence of a police officer that on March 18, 1905, he passed a carriage repository bearing the name "Probey," and saw a carriage, without a horse attached, standing in the street in front of the repository; that he told the brother of the defendant to have it moved, who replied that he would not; that the carriage stayed there for three hours, and that it was owned by the defendant. In our opinion this testimony was insufficient and no conviction should have been had.

Ten days before the committal of the offense complained of, and fifteen days before the trial of this case in the police court, we handed down a decision which should have controlled that court in its disposition of this case. *Gassenheimer* v. *District of Columbia, ante,* p. 179. We there recognized the established rights of owners and occupiers of lands abutting on a public highway to encroach upon the primary right of the public to a limited extent and for a temporary purpose. We said: "We are of the opinion that proof that an automobile stood in front of a hotel for two hours is not sufficient to sustain a con-

viction that the free passageway of a street has been unnecessarily obstructed and traffic thereon hindered and delayed. * * * The information cannot be sustained upon any inference. It requires sufficient legal proof in order that such a charge be sustained." We are unable to follow counsel for the District in their argument that there is a material distinction between that case and the one at bar. Both prosecutions were under the same section and article of the Police Regulations. The facts here adduced are, if possible, more meager than in the other case. The instruction asked for by the plaintiff in error, with the reason therefor, which is based upon the claim that the record failed to show any unnecessary obstruction of the street, or any hindrance or delay to vehicles thereon, was well founded and should have been granted.

No violation of the police regulation, upon which the information was based, having been proven, it follows that the decision of the Police Court was erroneous and its judgment must be reversed, with costs, and the case remanded, with direction to discharge the defendant. It is so ordered.          *Reversed.*